**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLYNN WARD, | No. 11-17991 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02542-CMK |
| v. | |
| OROMDE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding[**]

Submitted May 14, 2013[***]

Before:     LEAVY, THOMAS, and MURGIA, Circuit Judges.

California state prisoner Glynn Ward appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Ward's claims against defendant Swift because Ward failed to exhaust administrative remedies as to these claims. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Summary judgment was proper on Ward's excessive force claims because Ward failed to raise a genuine dispute of material fact as to whether defendants acted maliciously or sadistically to cause harm when Ward was handcuffed during transport for Ward's medical appointment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in determining excessive physical force in violation of Eighth Amendment is whether force was applied in good-faith effort to maintain discipline, or maliciously and sadistically to cause harm).

Summary judgment was proper on Ward's deliberate indifference claims because, even assuming that Ward had a serious medical condition, Ward failed to

raise a genuine dispute of material fact as to whether defendants disregarded an excessive risk to his health or safety regarding his transport and retention in an air-conditioned van on a hot day. *See Toguchi*, 391 F.3d at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health or safety); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Ward's request for additional time and assistance with his legal materials is denied.

**AFFIRMED.**